Peter B. Schlueter, State Bar No. 155880
SCHLUETER LAW FIRM, PC
454 N Arrowhead Avenue, 2nd Fl
San Bernardino, California 92401
Telephone: 909.381.4888
Facsimile: 909.381.9238
Email: schlueterlawoffice@yahoo.com

Attorney for Plaintiffs Shanda Luckett,
A.L. (Minor), J.K. (Minor),
Bobby Luckett, and Patricia Banks

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shanda Luckett, as an individual; Shanda Luckett, as guardian ad litem for A.L., an individual minor; and J.K., an individual minor; Bobby Luckett, an individual; Patricia Banks, an individual;<br><br>**Plaintiff**s,<br><br>v.<br><br>**City of Los Angeles**, a municipality; **Los Angeles Police Department**, a municipality; **Police Chief Michel R. Moore**, an individual; **Brett D. Schwarts**, an individual**;** and **DOES 1 through 25**,<br><br>**Defendants.** | Case No.: 5:22-cv-183<br><br>**COMPLAINT FOR DAMAGES**:<br><br>1. Violation Of 42 U.S.C. § 1983 Fourth Amendment Rights – Unreasonable Search and Seizure of Person;<br><br>2.Violation Of 42 U.S.C. § 1983 Fourth Amendment Rights – Excessive Force;<br><br>3.Violation of Fourteenth Amendment– Failure to Intervene<br><br>4. Bane Act, Cal civil Code §52.1<br><br>5. Assault and Battery;<br><br>6. Intentional Infliction of Emotional Distress (IIED);<br><br>7. Negligence / Negligent Infliction of Emotional Distress (NIED);<br><br>8. Deprivation of Civil Rights – Municipal and Supervisory Liability (42 U.S.C. § 1983).<br><br>**DEMAND FOR JURY TRIAL** |

1

**COMPLAINT**

1.      Los Angeles Police Officers, driving a score of police vehicles, supported by a Police helicopter stopped two elderly women at gunpoint while their family watched from another car.  Officers justified the stop and overwhelming force because the license plate on the rented U-Haul did not come back with a registration. This is a case of officers acting impulsively, without a care for the danger their potential lethal force placed on Plaintiffs. It is also a case of a Police Department whose policies actively encouraged the officers excessive conduct and then ratified the officers misdeeds rather than call out and cure the officers' maleficence. Even after the acts were committed, had the officers, supervisors and the Los Angeles Police Department acted responsibly, Plaintiffs may never have had filed this matter. Rather, the defendants were content to leave Plaintiff empty of pride and dignity and ignore her pleas that she and her family were done wrong. The Los Angeles Police Department still believes that the conduct, as discussed below, is permissible.

2.      On the other hand, U-Haul, has a duty to rent vehicles properly registered. The over-the-top police  actions, especially against African-Americans, was foreseeable and inevitable.

**PARTIES**

**A. Plaintiff**s

3.      At all relevant times, Plaintiff Shanda Luckett ("Shanda") is an adult qualified to bring suit on her own behalf. At all relevant time, Shanda  resided in the City of Redlands, County of San Bernardino, in the State of California.

4.      At all relevant times, Shanda Luckett is the natural mother of Plaintiffs A.L. and J.K., and is the proposed guardian ad litem for the aforementioned Plaintiffs, pending the Court's authorization.

5.      Plaintiff A.L. ("A.L." or "Daughter") is the natural born minor daughter of Shanda Luckett, and is an individual residing in the City of San Bernardino, County of San Bernardino, California. A.L. brings this action as an individual

2

Complaint for Damages / Jury Demand

pursuant to California Civil Code § 377.32. A.L., who was 15 at the time of the incident, seeks damages under federal and state law by and through her natural mother and proposed guardian ad litem, Shanda Luckett, pending authorization by the court.

6. Plaintiff J.K. ("A.L." or "son") is the natural born minor son of Shanda Luckett, and is an individual residing in the City of Redlands, County of San Bernardino, California. J.K. brings this action as an individual pursuant to California Civil Code § 377.32. J.K., who was 14 years old at the time of the incident, seeks damages under federal and state law by and through his natural mother and proposed guardian ad litem, Shanda Luckett, pending authorization by the court.

7. At all relevant times, Plaintiff Bobby Luckett ("Aunt Bobby") is an adult qualified to bring suit on her own behalf. Plaintiff Aunt Bobby is the natural aunt of Plaintiff Shanda Luckett. At all relevant time, Aunt Bobby resided in the City of Los Angeles, County of Los Angeles, in the State of California.

8. At all relevant times, Plaintiff Patricia Banks ("Banks" or " Mother") is an adult qualified to bring suit on her own behalf. Plaintiff Aunt Bobby is the natural mother of Plaintiff Shanda Luckett. At all relevant time, At all relevant time, Mother Banks resided in the City of Los Angeles, County of Los Angeles, in the State of California.

**B. Defendants Government Actors**

9. Defendant City of Los Angeles ("City" or "Los Angeles") is a municipality and is a political subdivision of the State of California. The Los Angeles Police Department (hereinafter "LAPD") is a non-separable department of the City of Los Angeles located in the Los Angeles County, California.

10. Defendant Michel R. Moore ("Moore" or "Chief" is the LAPD Chief of Police and is sued in his individual capacity as the relevant policy maker.

11. The Los Angeles Police Department personnel known to have been involved are Brett D. Schwartz ("Schwartz") and DOES 1 through 24.

3

Complaint for Damages / Jury Demand

12.     At all relevant times, Defendants Brett D. Schwartz and other City of Los Angeles Police department personnel (DOES 1-24) (together hereinafter "Individual Defendants"), are law enforcement officers, present, participating or actively supporting in the wrongful acts as alleged herein.

### D. Doe Allegations

13.     DOES 1-24 are as yet unidentified individuals who knowingly participated in or supported some or all of the wrongful acts as stated herein.

14.     DOE 1-5, are unnamed supervisors working for the City of Los Angeles Police Department because the identity has yet to be ascertained. They were supervisors of the Individual Defendants on or near the scene, and was thus knowingly involved with the violations of Plaintiff's constitutional rights as alleged herein.

15.     DOES 6-8 are unnamed supervisors who participated in the training or oversight of the Individual Law Enforcement Defendants' wrongful acts as stated herein. They are unnamed because their identity has yet to be ascertained.

16.     DOES 9-20 are unnamed because their identities have yet to be ascertained. They participated in the deprivations visited upon Plaintiff, or with full knowledge of the deprivation and the ability to stop the deprivations did not and/or failed to investigate, or participate honestly in the investigation of the allegations of misconduct as alleged herein, and as alleged.

17.     Each individually named defendant and each DOE defendant 1-20 acted under color of state law and within the scope of his or her agency and employment with the City of Los Angeles and its Police Department or other government entity. All acts and omissions of the individual Defendants were malicious and intentional, with either the intent to deprive Plaintiff of his constitutional and statutory rights, or in reckless disregard of those rights.

18.     Furthermore, Plaintiff has assumed on information and belief that the only government entity that operates the Los Angeles Police Department is the City

4

of Los Angeles itself. If it is later determined that another agency operates the Los Angeles Police Department, then Plaintiff will substitute the entity as DOE 21.

19.    DOES 24 is another government entity, be it a local, state or Federal, agency, that bears or shares some responsibility herein, DOES 25 are unnamed business entities or individuals working for those business entities and because their identities have yet to be ascertained they are referenced by DOES. They facilitated the deprivations visited upon Plaintiff through their negligence and or other wrongful acts, and were a proximate cause for Plaintiffs injuries.

20.    At such times as these individuals are identified, Plaintiff will seek to substitute the names of those individuals for the currently named DOE defendants.

**JURISDICTION AND VENUE**

21.    This case arises under 42 U.S.C. § 1983 and state law claims. Accordingly, subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and are within the supplemental jurisdiction of the Court pursuant to § 1367.

22.    Plaintiff's claims arise out of a course of conduct involving officials of the City of Los Angeles and its Police Department and/or DOE 25 and its law enforcement officers, in the State of California and within this judicial district. The subject event occurred in the City of Los Angeles, Los Angeles County, State of California.

23.    Venue is proper in this Court under 28 U.S.C. § 1391(b), because Plaintiffs believe Defendants Michel R. Moore, Brett D. Schwarts and DOES 1-24 reside in Los Angeles County, California, and because all incidents, events, and occurrences giving rise to this action occurred in Los Angeles County, California.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

24.    Plaintiff timely filed the appropriate administrative claims on June 15, 2021. The City provided requisite notice of rejection of claim on July 29, 2021 as ascribed by Government Code §§ 911, 911.2, and 911.3 thus creating a time limitations to file suit enunciated in the California Government Tort Claims Act. This

Complaint for Damages / Jury Demand

complaint is filed within the 6 months deadline (January 29, 2022) to file state causes of action (Govt. Code § 945.6).

## FACTS COMMON TO ALL CLAIMS

25. Plaintiffs repeats and re-allege each and every allegation in paragraphs 1 through 24 of this Complaint with the same force and effect as if fully set forth herein.

26. On December 18, 2020, Los Angeles Police Department personnel impermissibly detained, assaulted and battered, threatened the use of deadly force and unlawfully over detained Shanda Luckett in front of her family members: Shanda's Mother, her Aunt Bobby, and Shanda's autistic minor children A.L. and J.K.

27. Shanda's Mother (Banks), Aunt Bobby, Daughter (A.L.), and Son (J.K.) witnessed the entire incident that is the subject of this complaint.

28. On December 18, 2020, Aunt Bobby not only had to witness Shanda's treatment by LAPD officers but Aunt Bobby was subject to the same unconstitutional, negligent, intentional and excessive force acts committed by LAPD officers and she suffered the same injuries and damages as Shanda.

29. Shanda's daughter and son have been diagnosed with autism.

30. All Plaintiffs are African-American.

31. On December 18, 2020, at 2:37p.m., Shanda Luckett rented a truck from a nearby U-Haul dealer to help her 68-year-old aunt, Aunt Bobby Luckett, move.

32. On December 18, 2020, between 9:00 p.m. and 10:00 p.m., after they had completed the move, Shanda and Aunt Bobby were on their way to return the truck to the rental agency.

33. Aunt Bobby was riding in the passenger seat of the rented U-Haul truck, Shanda was at the wheel.

34. Shanda and her Aunt Bobby were following a vehicle driven by Shanda's Mother, Patricia Banks.

35. Shanda's daughter (A.L.) and son (J.K.) were passengers in the vehicle

6

Complaint for Damages / Jury Demand

driven by Shanda's Mother (Banks).

36.    On December 18, 2020, Shanda was traveling on Sherman Way, Los Angeles Police Department as Officer Brett D. Schwartz initiated a *felony* traffic stop on Shanda's U-Haul truck and its occupants. (THE STOP)

37.    At or near the time of THE STOP, or at least during the time Ofc. Brett D. Schwartz was aware of Shanda Luckett or the U-Haul truck she drove, Shanda had not violated any traffic laws.

38.    At or near the time of THE STOP, or at least during the time Ofc. Brett D. Schwartz was aware of Shanda Luckett or the U-Haul truck she drove, Ofc. Brett D. Schwartz, or DOES 6-14 had no reasonable suspicion to believe that Shanda had committed, or was about to commit, a violent crime.

39.    At or near the time of THE STOP, or at least during the time Ofc. Brett D. Schwartz was aware of Shanda Luckett or the U-Haul truck she drove, Ofc. Brett D. Schwartz , or DOES 6-24, had no reasonable suspicion to believe that Shanda Luckett had committed, any felony or misdemeanor that would justify a "felony" stop. (Felony stop is distinguished as a procedure that authorizing ordering occupants out from a vehicle at gun point.)

40.    Ofc. Schwartz used his emergency lights and announcements to initiate the stop on the Luckett U-Haul.

41.    Shanda pulled into a gas station off of Sherman Way.

42.    Seeing what was happening behind her, Shanda's Mother (Banks) also pulled into the gas station. Shanda's Mother, Daughter, Son, and her Aunt Bobby all witnessed the incident unfold.

43.    Once in the gas station, Ofc. Schwartz and at least six other LAPD officers (6 of DOES 1-23) **conducted a felony stop and had weapons drawn and pointed at both Shanda and her Aunt Bobby Luckett.**

44.    A police helicopter supported the officers efforts (DOE 24).

45.    At gunpoint and over the loud speaker, Ofc. Schwartz and the other

7

Complaint for Damages / Jury Demand

officers (6 of DOES 4-23) ordered Shanda to put her hands up, exit the vehicle, and eventually to lay face down on the ground with her legs spread. Shanda Luckett complied with all orders.

46.    Once **Shanda was face down on the gas station pavement**, Ofc. Schwartz trained his weapon on Shanda's Aunt Bobby Luckett and ordered her, in turn, over a load speaker, to put up her hands, exit the vehicle, and get on her knees. Shanda, her mother Patricia Banks, her Daughter, and her Son witnessed the event, and feared that the LAPD would shoot her.

47.    Like Shanda, Aunt Bobby Luckett complied with all orders except for the order to get on her knees, which, in light of her age, she refused.

48.    Shanda Luckett, her Daughter, her Son, and her Mother Patricia Banks, witnessed as Aunt Bobby protested the order to get on her knees and their fear increased, worried that the LAPD officers (6 of DOES 1-23) might shoot her for voicing her complaints.

49.    **Shanda lay face down and sprawled on the gas station pavement until after LAPD officers had handcuffed Aunt Bobby**. Once Aunt Bobby was cuffed, Shanda believes that Ofc. Schwartz or another LAPD officer (DOE 1 or DOE 9) approached Shanda and **Ofc. Schwartz placed his knee forcefully on her back while he put her in handcuffs.** Shanda's Mother and her children continued to watch.

50.    Once both Shanda Luckett and her Aunt Bobby Luckett were detained and in handcuffs, another LAPD officer (DOE 2 or DOE 10) **demanded** the keys to the U-Haul truck. Shanda advised DOE 2 or DOE 10 the keys were in the ignition.

51.    Shanda, and her family watched as **LAPD officers ( 6 of DOES 1-23) began searching the cab and the rear box (cargo area) of the truck.  None of these officers ( 6 of DOES 1-23)  had explained** why Shanda or her Aunt Bobby were being stopped, detained or why the truck was about to be, and was being searched by officers. Nor were inquiries of Shanda or Bobby Luckett made before the

8

Complaint for Damages / Jury Demand

officers conducted the searches.

52. Eventually, after several minutes, a LAPD officer (DOE 3 or DOE 11) asked Shanda for the receipt for the truck rental. Shanda informed DOE 3 or DOE 11 that the receipt was in her cell phone. DOE 3 or DOE 11 retrieved her locked phone and Shanda provided her cell phone unlock code so that the officer could retrieve the electronic receipt. DOE 3 or DOE 11 located the receipt that confirmed the legal rental agreement. DOE 3 or DOE 11 and the other LAPD officers (5 of DOES 1-2, 4-23) did not release or un-cuff Shanda or her Aunt Bobby immediately after the discovery of the U-Haul rental contract.

53. Shanda and Aunt Bobby **remained restrained for approximately seven more minutes.** LAPD officers (6 of DOES 1-23) continued to search the truck. That search was without constitutional-justifiable cause or consent.

54. Shanda and her Aunt Bobby's detention lasted for almost a half an hour. LAPD Officers (6 of DOES 1-23) lacked constitutional justification for the detention, the use of force, continued use of force, the form (pointing lethal weapons) of force used, and the prolonged detention.

55. Shanda and her Aunt Bobby suffered soreness in their arms from being handcuffed for the extended period of time. Shanda also had physical injuries of soreness in her chest caused by the LAPD officer Schwartz (and/or DOE 1 or DOE 9) placing his knee forcefully on her back. Shanda and the family were all disturbed by the outrageous conduct by the officers Schwartz and (6 of DOES 1-23), holding individuals at gun point, and securing them in handcuffs, when no reasonable suspicion of any crime existed, let alone a suspicion of a violent crime that would justify the use of firearms and felony stop procedures.

56. The Los Angeles Police Department, Officer Schwartz, and/or 6 of DOES 7-23 allege that the license plate came back as never having been issued, and therefore alleged the truck was stolen.

57. Los Angeles Police Department and Officer Schwartz and/or 6 of DOES

9

Complaint for Damages / Jury Demand

7-23 nevertheless, searched the truck (empty at the time) from cab to cargo box. Shanda and her aged aunt were released from custody after approximately twenty to twenty five minutes of being detained. No citation was issued, no arrest made

58.    On December 18, 2020, Los Angeles Police Department personnel impermissibly detained, assaulted and battered, threatened the use of deadly force, and unlawfully arrested Shanda Luckett.

59.    Plaintiff Shanda Luckett was not committing a crime or traffic violation and was not reasonably under suspicion of having committed a crime on December 18, 2020, when Defendant Schwartz and Doe Defendants contacted her and her Aunt Bobby.

60.    On December 18, 2020, the truck that Plaintiff Shanda Luckett was driving was registered to U-Haul. The vehicle had not been reported stolen. Neither this U-Haul truck, nor the company who owned the truck, were connected to suspicious criminal activity when the Defendant Schwartz and DOE Defendants contacted Plaintiff Luckett.

61.    On December 18, 2020, neither Plaintiff Shanda Luckett or her Aunt Bobby were not wanted by law enforcement, nor had warrant(s) for their arrest in existence.

62.     On December 18, 2020, Plaintiff Shanda Luckett and her Aunt Bobby did not steal a U-Haul truck and Defendant Schwartz and any reasonable officer would not have suspected as much.

63.    Defendant Schwartz and Doe Defendants used the threat of deadly force against Plaintiff Shanda Luckett and Aunt Bobby when they pointed their firearms at them.

64.    On December 18, 2020, Defendants Brett Schwartz and Doe Defendants officers did not have a reasonable suspicion that either Shanda or Aunt Bobby were involved in, or about to commit a crime.

65.    As such, Defendants Brett Schwart and DOES 1-24, acted upon Shanda

10

Complaint for Damages / Jury Demand

and her Aunt Bobby without legal justification.

66.     When Defendant Brett Schwartz and DOES 1-24 ordered Shanda Luckett to pull over and used force and threatened the use of deadly force upon Shanda and her Aunt Bobby, they could not lawfully order Shanda to pull over or lawfully use the threat of deadly force on the occupants of the U-Haul truck.

67.     Due to the use of excessive force and unlawful search and seizure by the defendant officers, Plaintiffs suffered loss of use of their property, mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, and indignity.

68.     Any reasonable officer knowing the same facts as existed on December 18, 2020, would not have been suspicious that Plaintiff Shanda Luckett or her Aunt Bobby had been or were about to be involved in activity related to a crime.

69.     Plaintiffs are informed and believes that the City of Los Angeles and its Los Angeles police, Defendant Brett Schwartz and DOES 1-24  were, at the very least, negligent in their treatment of Plaintiffs and, at worst, knowingly and intentionally malicious.

70.     The Los Angeles Police department has a duty to stop this type of conduct, to watch that it does not occur, and to, at least, train these officers to access the situation and react professionally without the need for excessive force.

71.     The City of Los Angels, Los Angeles Police Department, Brett Schwartz, and DOES 1-25, had the ability and opportunity to stop the unlawful acts but did not attempt to do so.

72.     Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, defendants City of Los Angeles, Los Angeles Police Department, Chief Michel Moore, and DOE 25 maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied, among others, the following policies, practices and customs with deliberate indifference, and in conscious and reckless disregard to the safety, security and constitutional and statutory rights of Plaintiffs, including the right to be free from excessive force under the Fourth Amendment.

11

Complaint for Damages / Jury Demand

73. As complained of herein above, none of the defendants to this action had a warrant for any of the Plaintiffs arrest, nor probable cause to believe that plaintiffs had committed any crime, nor reasonable suspicion of criminality afoot by the plaintiffs, or any suspicion that the plaintiffs were a danger to anyone or anything.

74. Accordingly, the seizure of plaintiff by Defendants with force and the threatened use of deadly force, constituted an unlawful and unreasonable seizure of plaintiff, in violation of his rights under the Fourth Amendment to the United States Constitution.

75. As a direct and proximate result of the aforesaid acts and omissions of the aforementioned defendants, Plaintiffs were injured in their health and person. They suffered and will continue to suffer severe mental and physical anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Plaintiffs to sustain damages in a sum to be determined at trial.

76. Plaintiffs were harmed by the acts of the Defendants and the Department defacto policies and procedures, and its failure to supervise and train its officers. The Los Angeles Police Department's failures as an organization, created an atmosphere that violations such as alleged here were sure to occur.

77. Even if the Defendants did not intend to harm Plaintiffs, their acts were committed with negligence, and a failure to use the standards expected to be use by a competent law enforcement officer.

**FIRST CAUSE OF ACTION**

**VIOLATION OF 42 U.S.C. § 1983**

**Violation of Fourth Amendment Rights -**

**Unlawful / Unreasonable Search and Seizure of Person/Property**

**(Against Schwartz and DOES 1-24)**

78. Plaintiffs Shanda Luckett and  Bobby Luckett hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 77,

12

Complaint for Damages / Jury Demand

inclusive, above, as if set forth in full herein.

79.    As complained of herein above, none of the defendants to this action had a warrant for plaintiffs' arrest, nor probable cause to believe that plaintiff had committed a crime, nor reasonable suspicion of criminality afoot by the plaintiff, or any suspicion that the plaintiff was a danger to anyone or anything.

80.    All of the acts of Defendants Schwartz and DOES 1-24 were done under color of state law.

81.    The acts of the Officer Defendants deprived Plaintiffs of rights, privileges, and immunities secured by the Constitution of the United States, including but not limited to their rights under the Fourth Amendment of the United States Constitution, incorporated and made applicable to the states and their local governments by the Fourteenth Amendment by, among other things, unlawfully seizing Plaintiffs by conducting a high risk traffic stop and a *de facto* arrest of Plaintiffs without any lawful basis, probable cause, warrant, or any exception thereto.

82.    Each of the Officer Defendants was both personally involved and an integral participant in the violation of Plaintiffs' constitutional rights. Each Officer was aware of the unlawful actions of the other Officers as they planned to and did conduct a "high risk" stop of Plaintiffs' U-Haul even though it was not currently reported as stolen, and performed a *de facto* arrest of Plaintiffs as they held Plaintiffs at gunpoint with several guns pointed directly at Plaintiffs, forced Plaintiffs to lie prone and spread eagle in the street, handcuffed Plaintiffs, detained Plaintiffs for a considerable period of time after learning that the vehicle was not stolen, and searched Plaintiffs' U-Haul. None of the involved Officers objected to these violations of Plaintiffs' rights, and each Officer participated in the violation by performing police functions, including meaningful participation in the unlawful seizure and *de facto* arrest of Plaintiffs and the use of unreasonable force against them.

83.    The acts of the Officer Defendants deprived Shanda Luckett and her

Complaint for Damages / Jury Demand

Aunt Bobby Luckett of rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to her rights under the Fourth Amendment of the United States Constitution, incorporated and made applicable to the states and their local governments by the Fourteenth Amendment, by, among other things, searching the U-Haul truck she had rented without a warrant, exigency, emergency, probable cause, or Plaintiffs' consent.

84. Each of the Officer Defendants was both personally involved and an integral participant in the violation of Shanda Luckett and her Aunt Bobby Luckett's constitutional rights. Each Officer was aware of the unlawful actions of the other Officers as they planned to search and did search the U-Haul truck including its trunk; did not object to this violation of Shanda Luckett and Bobby Luckett's rights; and participated in the violation by performing police functions, including meaningful participation in the unlawful traffic stop, *de facto* arrest, search, and use of unreasonable force against Plaintiffs.

85. As a direct and proximate result of the aforementioned acts of the Officer Defendants, Plaintiffs sustained and incurred damages including pain, suffering, and emotional injury.

86. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiffs. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual Officer Defendant

87. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant City, in an amount to be proven at trial.

///

///

14

Complaint for Damages / Jury Demand

**SECOND CAUSE OF ACTION**

**VIOLATION OF 42 U.S.C. § 1983**

**Violation of Fourth Amendment Rights -**

**Excessive/Unreasonable Use of Force on Person**

**(Against Schwartz and DOES 1-24)**

88.    Plaintiffs Shanda Luckett and Bobby Luckett  hereby reallege and reincorporate by reference the allegations set forth in paragraphs 1 through 87 inclusive, above, as if set forth in full herein.

89.    All of the acts of Defendants Brett Schwartz and DOES 1-24 were done under color of state law.

90.    As mentioned above, Plaintiff Shanda Luckett and Aunt Bobby Luckett were unlawfully detained and held at gunpoint by Defendant Brett Schwart and DOE 1-24.

91.    The acts of the Officer Defendants deprived Plaintiffs of rights, privileges, and immunities secured by the Constitution of the United States, including but not limited to their rights under the Fourth Amendment of the United States Constitution, incorporated and made applicable to the states and their local governments by the Fourteenth Amendment by, among other things, using excessive force against Plaintiffs. Specifically, Defendants pointed their guns at Plaintiffs Shanda and Aunt Bobby, which under established Ninth Circuit law is a use of force. Defendants also forced Plaintiffs to lie proned out in the middle of the street, forcefully jammed their knees into Plaintiff Shanda Luckett's backs.

92.    Each of the Officer Defendants were both personally involved and an integral participant in the violation of Plaintiff Shanda Luckett and Aunt Bobby Luckett's constitutional rights. Each Officer was aware of the unlawful actions of the other Officers as they planned to and did point their long guns and handguns at Plaintiff Shanda Luckett and Aunt Bobby Luckett, proned/ attempted to prone them, jammed their knees into Plaintiff Shanda Luckett's backs, and violently handcuffed

15

Complaint for Damages / Jury Demand

Plaintiffs. None of the Officers objected to these violations of Plaintiffs' rights, and each Officer participated in the violation by performing police functions, including meaningful participation in the unlawful traffic stop, *de facto* arrest, and use of unreasonable force against Plaintiffs Shanda Luckett and Aunt Bobby Luckett. Plaintiff Patricia Banks, Shanda's son (J.K.) And daughter (A.L.) had to suffer through witnessing these acts on their relatives.

93. As a direct and proximate result of the aforementioned acts of the Officer Defendants, Plaintiffs sustained and incurred damages including pain, suffering, and emotional injury.

94. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiffs. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual Officer Defendant (but not against the entity Defendant) in an amount adequate to punish the wrongdoers and deter future misconduct.

95. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of Shanda's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save the City.

**THIRD CAUSE OF ACTION**

**VIOLATION OF 42 U.S.C. § 1983**

**Violation of Fourteenth Amendment Rights -**

**Failure to Intervene**

**(Against Schwartz and DOES 1-24)**

96. Plaintiffs Shanda Luckett and Bobby Luckett hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 95, inclusive, above, as if set forth in full herein.

97. All of the acts of Defendants Brett D, Schwartz, and DOES 1-24 were

done under color of state law.

98. The acts of the Officer Defendants deprived Plaintiffs of rights, privileges, and immunities secured by the Constitution of the United States, including but not limited to their rights under the Fourth Amendment of the United States Constitution, incorporated and made applicable to the states and their local governments by the Fourteenth Amendment by, among other things, failing to intervene in the unlawful actions of other Officers. These unlawful actions include the unreasonable traffic stop of Plaintiffs Shanda and Bobby Luckett, the unlawful *de facto* arrest of Plaintiffs, the unlawful search of the U-Haul truck, and the use of excessive force against Plaintiffs, including Defendants pointing their guns at Plaintiffs Shanda Luckett and Bobby Luckett, forcing Plaintiff Shanda Lucket to lie "proned out" in the middle of the street, forcefully jammed their knees into Plaintiff Shanda Luckett's back.

99. At all relevant times, the Officer Defendants were present and had a realistic opportunity to intervene and prevent the unlawful traffic stop, *de facto* arrest, search, and excessive force by their fellow Officers against Plaintiffs, but neglected to do so.

100. As a direct and proximate result of the aforementioned acts and omissions of the Officer Defendants, Plaintiffs sustained and incurred damages including pain, suffering, and emotional injury.

101. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiffs. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual Officer Defendant (but not against the entity Defendant) in an amount adequate to punish the wrongdoers and deter future misconduct.

///

///

17

Complaint for Damages / Jury Demand

# FOURTH CAUSE OF ACTION
## VIOLATION OF CAL. CIVIL CODE 52.1
### Bane Act
### (Against Schwartz and DOES 1-24)

102. Plaintiffs Shanda Luckett and Bobby Luckett hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 101, inclusive, above, as if set forth in full herein.

103. Article I, § 13 of the California Constitution and the Fourth Amendment to the United States Constitution, incorporated and made applicable to the states and their local governments by the Fourteenth Amendment, guarantee the right of persons to be free from unlawful false arrests, unlawful searches, and excessive force on the part of law enforcement officers. The Officer Defendants and the other involved Officers, by engaging in the wrongful acts and failures to act alleged herein, intentionally and deliberately denied each of these rights to Plaintiffs by threats, intimidation, or coercion, to prevent Plaintiffs from exercising their rights to be free of false arrest, unlawful searches, and excessive force, thus giving Plaintiffs claims for damages pursuant to California Civil Code § 52.1. Specifically, the Officer Defendants and other involved Officers unlawfully (1) stopped Plaintiffs, (2) performed a *de facto* arrest of Plaintiffs, (3) searched the U-Haul truck, and (4) used excessive force against Plaintiffs, including pointing their guns at Plaintiffs, forcing Plaintiffs to lie proned out in the middle of the street, forcefully jamming their knees into Plaintiff Shanda Luckett's back The Officer Defendants intended by their actions to deprive Plaintiffs of their enjoyment of the interests protected by the right to be free of such conduct.

104. As a direct and proximate result of the aforementioned acts and omissions of the Officer Defendants, Plaintiffs sustained and incurred damages including pain, suffering, and emotional injury.

105. Each of the Officer Defendants was both personally involved and aided

18

Complaint for Damages / Jury Demand

and abetted in the violation of Plaintiffs' constitutional rights. Each Officer knew that the other Officers were committing unlawful actions against Plaintiffs as they planned to and did unlawfully arrest Plaintiffs, search the U-Haul, and use excessive force against Plaintiffs. Each Officer gave substantial assistance or encouragement to the other Officers and each Officer's conduct was a substantial fact in causing harm to Plaintiffs.

106. The City of Los Angeles, Los Angeles Police Department and DOE 25 are vicariously liable for the actions of the Officer Defendants pursuant to Cal. Gov't Code § 815.2(a).

107. In doing the foregoing wrongful acts, Defendants, and each of them, acted with conscious disregard of Plaintiffs' rights. Said Defendants' conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Officer Defendant (but not against the entity Defendant) to punish the wrongful conduct alleged herein and to deter such conduct in the future.

108. As the direct and legal result of Defendants' conduct, Plaintiffs suffered and will continue to suffer damages, including but not limited to those set forth above, and are entitled to statutory damages under Cal. Civ. Code § 52, including damages up to three times Plaintiffs' actual damages but no less than $4,000 for every offense of California Civil Code § 51 et seq., as well as compensatory and punitive damages and attorneys' fees.

**FIFTH CLAIM FOR RELIEF**

**(Assault and Battery)**

**(Against All Defendants)**

109. Plaintiffs Shanda Luckett and Bobby Luckett hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 108, inclusive, above, as if set forth in full herein.

110. On information and belief, Officer Schwartz and Does 1-24 drew their

weapons and aimed them at Plaintiffs' persons in a threatening manner.

111.    Plaintiffs reasonably believed that Defendants would shoot them.

112.    Defendants Schwartz and/or DOE 1 through 23 intentionally touched Shanda Luckett, respectively, while jamming their knees into her backs and handcuffing Plaintiffs.

113.    Defendants Schwartz and/or DOE 1 through 23 used unreasonable force while jamming their knee into Plaintiff Shanda Luckett's back and handcuffing Plaintiffs.

114.    Plaintiffs did not consent to the Officers' uses of force.

115.    Plaintiffs did not consent to Defendants' conduct.

116.    Plaintiffs each were harmed by the Officers' uses of force, which has caused them to suffer injuries including pain, suffering, and emotional injuries.

117.    Defendants Schwartz and DOES 1-24's uses of unreasonable force were each a substantial factor in causing Plaintiffs' harm, pain, suffering, and emotional injury.

118.    Defendants Schwartz and DOES 1-24, while acting within the course and scope of his employment, assaulted and battered Plaintiffs Shanda Luckett and her Aunt Bobby Luckett.

119.    Plaintiff Shanda Luckett's mother (Patricia Banks), son and daughter witnessed Defendant Officers' uses of force on their relative.

120.    Each of the Officer Defendants was both personally involved and aided and abetted in the violation of Plaintiffs' constitutional rights. Each Officer knew that the other Officers were committing unlawful actions against Plaintiffs as they planned to and did unlawfully aim their weapons at Plaintiffs. Each Officer gave substantial assistance or encouragement to the other Officers and each Officer's conduct was a substantial fact in causing harm to Plaintiffs.

121.    The City of Los Angeles, Los Angeles Police Department and DOE 25 are vicariously liable for the actions of the Officer Defendants pursuant to Cal. Gov't

Complaint for Damages / Jury Demand

Code § 815.2(a). .

122.   In doing the foregoing wrongful acts, Defendants, and each of them, acted with conscious disregard of Plaintiffs' rights. Said Defendants' conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Officer Defendant (but not against the entity Defendant) to punish the wrongful conduct alleged herein and to deter such conduct in the future.

123.   As a direct and proximate result of the aforesaid acts and omissions of the aforementioned defendants, Plaintiffs were injured in their person they suffered and will continue to suffer severe mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Plaintiffs to sustain damages in a sum to be determined at trial.

## SEVENTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress (IIED)

### (Against All Defendants)

124.   Plaintiffs Shanda Luckett, as an individual; Shanda Luckett, as guardian ad litem for A.L., an individual minor; and J.K., an individual minor; Bobby Luckett, an individual; Patricia Banks, an individual hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 123, inclusive, above, as if set forth in full herein.

125.   Defendants' actions performing a "high risk" stop of Plaintiffs, drawing their guns, pointing their weapons at Plaintiffs, proning Plaintiff on the street, jamming their knees into Plaintiff's backs, violently handcuffing Plaintiffs, detaining Plaintiffs, and searching the U-Haul, all in full view of Plaintiff Shanda Luckett and Bobby Luckett's fammily members, was outrageous. This conduct was performed with reckless disregard to the effect that these actions and omissions would have upon Plaintiffs, including emotional distress.

Complaint for Damages / Jury Demand

126.   As a direct and proximate result of the aforementioned acts or omissions of Defendants, Plaintiffs suffered injuries including pain, suffering, and emotional injury.

127.   All defendants denied, aided, incited a denial, and/or committed wrongful acts as herein described.

128.   Said acts including all those alleged herein were done to Shanda Luckett, as an individual; Shanda Luckett within view of  A.L., an individual minor and daughter if Shanda Lucket and J.K., an individual minor and son of Shanda Lucket; who also watched as police committed acts as herein alleged against  Bobby Luckett, their great aunt.  Both A.L. and J.K. are austistic.  They themselves were injured witnessinjg, in real time, and close by, their mother and close relative injured and treated as they were by Defendants in this matter. Patricia Banks is the mother of Sandra Luckett, and sister to Bobby Luckett. Banks was driving a second car and had A.L. and J.K as passengers.  Banks also witnessed the acts done to Shanda abnd Bobboby Luckett, as describe in this complaint, in real time, and from a nearby vantage point.  Her viewing of the incident also caused her great emotional suffering.

129.   The City of Los Angeles, Los Angeles Police Department and DOE 15 are vicariously liable for the actions of the Officer Defendants pursuant to California Government  Code § 815.2(a).

130.   In doing the foregoing wrongful acts, Defendants, and each of them, acted with conscious disregard of Plaintiffs' rights. Said Defendants' conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Officer Defendant (but not against the entity Defendant) to punish the wrongful conduct alleged herein and to deter such conduct in the future.

///

///

///

Complaint for Damages / Jury Demand

**EIGHTH CLAIM FOR RELIEF**

**Negligence / Negligent Infliction of Emotional Distress (NIED)**

**(Against All Defendants)**

131.   Plaintiff Shanda Luckett, as an individual; Shanda Luckett, as guardian ad litem for A.L., an individual minor; and J.K., an individual minor; Bobby Luckett, an individual; Patricia Banks, an individual hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 130, inclusive, above, as if set forth in full herein.

132.   Defendants Schwartz and DOES 1-24 owed Plaintiffs a duty of due care to conduct themselves reasonably, professionally, and within constitutional limitations.

133.   The conduct of the Officer Defendants as set forth herein, was tortious in that Defendants breached their duty of care to Plaintiffs, two unarmed women, one in her sixties, besieged by at least six police officers, when the Officer Defendants performed a "high risk" stop, searched the U-Haul truck, and used excessive force against Plaintiffs, including pointing guns at them, placing their knees on Shanda Luckett's back, and violently handcuffing them.

134.   Said acts including all those alleged herein were done to Shanda Luckett, as an individual; Shanda Luckett within view of A.L., an individual minor and daughter if Shanda Lucket and J.K., an individual minor and son of Shanda Lucket; who also watched as police committed acts as herein alleged against Bobby Luckett, their great aunt. Both A.L. and J.K. are austistic. They themselves were injured witnessing, in real time, and close by, their mother and close relative injured and treated as they were by Defendants in this matter. Patricia Banks is the mother of Sandra Luckett, and sister to Bobby Luckett. Banks was driving a second car and had A.L. and J.K as passengers. Banks also witnessed the acts done to Shanda abnd Bobboby Luckett, as describe in this complaint, in real time, and from a nearby vantage point. Her viewing of the incident also caused her great emotional suffering.

135. Defendants City of Los Angeles, Chief Michel Moore, DOE 25 and DOES 1- 8 failed to appropriately hire, supervise, train, review, and ensure that their Officers abided by the standard of care, failed to enact appropriate standards and procedures that would have prevented such harms to Plaintiffs, including failing to train LAPD Officers (1) not to use high risk traffic stops based only on suspicion of a stolen vehicle, (2) to correctly interpret LAPD files and data, including but not limited to CV codes and other information reported on mobile computers in LAPD police cars, demonstrating that a vehicle formerly reported as stolen had thereafter been reported as recovered and/or not currently stolen, and (3) not to use excessive force or perform *de facto* arrests or vehicular searches in situations where such actions are not justified.

136. Each of the Officer Defendants was both personally involved and aided and abetted in the violation of Plaintiffs' constitutional rights. Each Officer knew that the other Officers were committing unlawful actions against Plaintiffs as they planned to and did unlawfully arrest Plaintiffs, search the U-Haul, and use excessive force against Plaintiffs. Each Officer gave substantial assistance or encouragement to the other Officers and each Officer's conduct was a substantial fact in causing harm to Plaintiffs.

137. The City of Los Angeles, Los Angeles Police Department, and DOE 25 are vicariously liable pursuant to California Government Code § 815.2(a).

138. As a direct and proximate result of the aforesaid acts and omissions of the aforementioned defendants, Shanda suffered and will continue to suffer severe mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Shanda to sustain damages in a sum to be determined at trial.

139. In doing the foregoing wrongful acts, the Officer Defendants, and each of them, acted with conscious disregard of Plaintiffs' rights. Said Defendants' conduct was willful, wanton, malicious, and oppressive, thereby justifying an award

24

Complaint for Damages / Jury Demand

of exemplary and punitive damages against each individual Officer Defendant (but not against the entity Defendant) to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## SEVENTH CLAIM FOR RELIEF

### Deprivation of Civil Rights - Entity and Supervisory Liability

### (42 U.S.C. § 1983)

### (Against Los Angeles, Los Angeles Police Department, Chief Moore, and DOES 25)

140.  Plaintiffs Shanda Luckett and Bobby Luckett hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 139, inclusive, above, as if set forth in full herein.

141.  Plaintiffs are informed and believe and thereon alleges that, at all times herein mentioned, defendants City of Los Angeles, Los Angeles Police Department, Chief Michel Moore, and DOES 1-25 maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied, among others, the following policies, practices and customs with deliberate indifference, and in conscious and reckless disregard to the safety, security and constitutional and statutory rights of Shanda, including the right to be free from excessive force under the Fourth Amendment:

a.  Failing to adequately train, supervise, and control officers in the constitutionally permissible use of force: especially the proper use of carotid restraint holds;

b.  Failing to adequately train, supervise, and control officers in proper communication and appropriate responses to members of the public;

c.  Failing to set up systems to prevent abuse by officers, including combating the "code of silence" by encouraging officers to intervene and prevent abuse and misconduct by other officers;

d.  Failing to discipline officers involved in abusing their authority, or in failing to report or prevent abuses of authority; and

25

Complaint for Damages / Jury Demand

e.    Condoning and encouraging LAPD officers in the belief that they can violate the rights of persons such as Plaintiffs with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

142.    The following are only a few examples of cases where the involved officers were not disciplined, remanded,, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that the City of Los Angeles routinely ratifies such behavior:

a.    *Sheilanee Sen; ShibaniBalsaver v. City of Los Angeles, et al,* case number Case 2:21-cv-02326-SB-KES is a case where the complaint alleges almost the exact same facts as alleged herein, with officers holding the two women at gunpoint and placing their knees on the women's back while detaining them for an alleged stolen U-Haul that also turned out to not be stolen. This case's incident occurred before this present incident and LAPD have continued these practices. This case is an example that it is a common practice of Los Angeles Police Department to conduct high risk stops after faulty license plate reads rather than simply conducting an investigation of the registration of the vehicle without force. In that case the Sgt told the Plaintiffs that "... the LAPD had not trained its Officers on the new system or the meaning of the "CV" code indicating that the U-Haul was not currently stolen..." The Sgt explained that a "...CV" code—short for "Clear Vehicle"—indicating that the truck has been reported as recovered and no longer stolen had been displayed on the Officer Defendants' computer but that the Officers had not been trained to understand what this code meant."

b.    *Hasmik Jasmine Chinaryan v. City of Los Angeles*, et al, case number 2:19-cv-09302-MCS-E is a similar case related to a DMV license plate number error that also resulted in the City of Los Angeles Police Department conducting a high risk stop of three women, pointing their weapons and forcing the occupants to the floor and into prone position and prolonged detention.

26

Complaint for Damages / Jury Demand

143.    The Officer Defendants and any other involved officers acted pursuant to expressly adopted official policies or longstanding practices or customs of the City of Los Angeles. These include policies and longstanding practices and/or customs requiring and/or permitting officers to carry out "high risk" stops, including but not limited to utilizing large numbers of police cars, officers, and a helicopter, drawing their weapons and pointing firearms at people, proning people out, jamming their knees in into people's backs and necks, handcuffing them, detaining them at length, and searching their vehicles, all in situations that are not high risk and based only upon reasonable suspicion of property crimes such as suspected stolen vehicles and without regard to Ninth Circuit law.

144.    The training policies of the City of Los Angeles were not adequate to train, supervise, and control its Officers to handle the usual and recurring situations with which they must deal, including but not limited to (1) Correctly interpreting LAPD files and data, including but not limited to CV codes and other information reported on mobile computers in LAPD police cars, demonstrating that a vehicle formerly reported as stolen has thereafter been reported as recovered and/or not currently stolen, and (2) performing high risk traffic stops of vehicles suspected of being stolen and searching the vehicle. The City of Los Angeles knew that its failure to adequately train its Officers for such situations made it highly predictable that its Officers would engage in conduct that would deprive persons such as Ms. Balsaver of her rights. The City of Los Angeles was thus deliberately indifferent to the obvious consequences of its failure to train its Officers adequately.

145.    Defendant City of Los Angeles' official policies and/or longstanding practices or customs, including but not limited to its training policies, caused the deprivation of the constitutional rights of Ms. Balsaver by the Officer Defendants and the other involved Officers; that is, the City of Los Angeles's official policies and/or longstanding practices or customs are so closely related to the deprivation of Ms. Balsaver's rights as to be the moving force that caused her injuries.

Complaint for Damages / Jury Demand

146.    LAPD Chief Michel Moore, a final policymaker for the City of Los Angeles, ratified the actions and omissions of the Officer Defendants and the other involved Officers in that he had knowledge of and made a deliberate choice to approve their unlawful acts and omissions. Upon information and belief, the City took no action in response to Plaintiffs' allegations and none of the involved Officers have been disciplined.

147.    As a direct and proximate result of the aforesaid acts and omissions of the aforementioned entity and supervisory defendants, Plaintiffs were injured in their health and person. They suffered and will continue to suffer severe mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Plaintiffs to sustain damages in a sum to be determined at trial.

148.    Chief Michel Moore's failure to train and supervise LAPD officers in the constitutional use of force and search and seizure practices and his ratification of the use of force and search and seizure practices upon Plaintiff, was willful, wanton, malicious and oppressive, and with reckless disregard for, in deliberate indifference to, and with the intent to deprive persons who might come in contact with LAPD officers of constitutional rights, and did in fact violate the aforementioned Fourth, Ninth, and Fourteenth Amendment rights of Plaintiff, entitling Plaintiffs to exemplary and punitive damages against Chief Michel Moore in an amount to be proven at trial.

149.    It was that failure that was the moving force in the depravation of Plaintiff's rights against his liberty interest to be free from invasive procedures and seizures.  In the case at bar, the Defendants Police officers felt free to search, seize and use excessive force and the threat of deadly force, and falsely arresting and reporting on Plaintiff without fear that their acts would receive censure from their department. Indeed, Plaintiff is informed and believes that those officers audio and/or video taped the procedure demonstrating that they felt that their acts were authorized, if not encouraged, by their department, the City of Los Angeles and/or DOE 25. (Or,

28

Complaint for Damages / Jury Demand

at the very least would not meet with disapproval, censure or discipline). Thus, this problem, the actions, polices and procedures that led up to the depravation of Plaintiff's rights were systemic in that department and constituted deliberate indifference by the City to the rights of persons such as Plaintiff.

## PRAYER

**WHEREFORE**, Plaintiffs Shanda Luckett and Bobby Luckett seeks compensation for the injuries caused by the Defendants; A.L., and J.K., minor children of Shandra Luckett, and Patricia Banks mother to Shandara Luckett, seek damages for being subjected to watching the injuries to their love ones, and all requests relief as follows, and according to proof, against each defendant:

1. General and compensatory damages in an amount according to proof;

2. Special damages in an amount according to proof;

3. Punitive damages against each individual and DOE defendant, but not against the City of Los Angeles, Los Angeles Police Department, DOE 15, or Police Chief Michel Moore (unless the Court deems proper pursuant to Govt. Code §815.2), in an amount according to proof;

4. Costs of suit, including attorneys' fees, under 42 U.S.C. § 1988; and

5. Such other relief as may be warranted or as is just and proper.

Dated: January 28, 2022                    SCHLUETER LAW FIRM, PC

By:   /s/ Peter Schlueter
      Peter B. Schlueter, Attorney for
      Plaintiff Shanda Luckett

## COMPLAINT and DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury.

Dated: January 28, 2022                    SCHLUETER LAW FIRM, PC

By:   /s/ Peter Schlueter
      Peter B. Schlueter, Attorney for
      Plaintiff Shanda Luckett

Complaint for Damages / Jury Demand