Peter B. Schlueter, State Bar No. 155880
SCHLUETER LAW FIRM, PC
454 N Arrowhead Avenue, 2nd Fl
San Bernardino, California 92401
Telephone: 909.381.4888
Facsimile: 909.381.9238
Email: schlueterlawoffice@yahoo.com

Attorney for Plaintiffs Shanda Luckett,
A.L. (Minor), J.K. (Minor),
Bobby Luckett, and Patricia Banks

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Shanda Luckett, as an individual; Shanda Luckett, as guardian ad litem for A.L., an individual minor; and J.K., an individual minor; Bobby Luckett, an individual; Patricia Banks, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>City of Los Angeles, a municipality; Los Angeles Police Department, a municipality; Police Chief Michel R. Moore, an individual; Brett D. Schwarts, an individual; and DOES 1 through 25,<br><br>Defendants. | Case No.: 5:22-cv-00183-SHK<br><br>**NOTICE OF MOTION AND MOTION TO EXTEND TIME FOR SERVICE OF PROCESS**<br><br><u>Hearing</u><br>Date: May 31, 2022<br>Time: 11:00 a.m.<br>Courtroom: 3 or 4, Riverside<br><br>*Hon. Judge Shashi H. Kewalramani* |

**TO THE COURT AND TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 31, 2022, at 11:00 a.m., or as soon thereafter as Plaintiffs may be heard, in Courtroom 3 or 4 of the above-entitled Court located at 3470 Twelfth Street, Riverside, CA, Plaintiffs will, and hereby do move this Court as follows:

Plaintiff moves this Court to extend the time for service as to the unknown DOE defendants and Defendant Brett D. Schwartz for 90 days from the current

deadline of April 28, 2022 until July 27, 2022. Plaintiffs' counsel has been advised by the process server that Schwartz is currently out on military leave from the Los Angeles Police Department.

**MEET AND CONFER COMPLIANCE**

On April 13, 2022, Plaintiffs' counsel filed its proofs of service for the defendants that were served. (See Dkt 09- 11) On April 19, 2021, Defense counsel filed its answer for the served defendants only and not for Defendant Schwartz. On April 21, 2022, Plaintiffs' counsel sent an early meeting of counsel letter that addressed our inability to serve Defendant Brett D. Schwartz and possible resolutions. The resolutions sought included Defense counsel accepting service for Schwartz or Defense counsel stipulating to additional time to serve Schwartz. (Exhibit 1) On April 25, 2022, defense counsel responded stating that they would respond shortly. (Exhibit 2) Counsel has not responded to the Rule 26 meeting of counsel, nor the request at issue here.

Plaintiff's counsel tried two more times but could not connect with Defense counsel, wrote on April 26, 2022. On April 27 and again April 28 Plaintiff called, and left messages on opposing counsel, Dordaneh Ghaemi's, phone system. The calls have not been returned.[1] (Decl. Schlueter ¶¶7-9 & Exhibit 3) On April 28, 2022, Plaintiff's counsel wrote Ghaemi regarding wishing to speak about the Rule 4m issues and filing this instant motion. (Decl. Schlueter ¶ 9) To date, the City of Los Angeles and its counsel have not addressed this instant issue. Due to the lack of Defense counsel's participation, this motion is made before the deadline to serve expires. (See Exhibit 5)

On or about April 25, Plaintiffs' counsel called the LAPD military liaison whom the LA PD had identified as a contact point with the process server. The liaison stated they would not confirm whether a LAPD member was on military

[1] 2 calls on April 26, 2022 at 3:50pm & 1 call on April 28, 2022 at 1:39p.m.

leave. That information, Plaintiffs' counsel was told by the liaison, was confidential. (Decl. Schlueter ¶ 12) Plaintiffs' counsel cannot explain why the liaison would not confirm the status of Defendant Schwartz military leave. Nor can Plaintiffs' counsel explain why the process service agent was provided with the military liaison's contact information if the liaison would refuse to provide information. (Decl. Schlueter ¶ 12)

On March 27, 2022, Plaintiffs' counsel directed AAA's attorney service to attempt service again. Plaintiffs' counsel was informed that the process server could not confirm if the officer, Schwartz, is on leave nor could they confirm his whereabouts at the department. (Decl. Schlueter ¶ 13) (Exhibit 7). Schwartz's status and whereabout is an issue that I wanted to speak to counsel about. To date, the Los Angeles Police Department has not accpeted service for Schwartz. (Decl. Schlueter ¶ 13)

Due to the lack of Defense counsel's participation, this motion is made. (Decl. Schlueter ¶¶ 5-9) Plaintiffs' deadline to move the court approaches.

Dated: April 28, 2022 SCHLUETER LAW FIRM, PC

By: s/ Peter B. Schlueter
Peter B. Schlueter, Attorney for
Plaintiffs Shanda Luckett,
A.L. (Minor), J.K. (Minor),
Bobby Luckett, and Patricia Banks

**INTRODUCTION**

## I. FACTS

Plaintiffs allege civil rights violations by Los Angeles Police Department (LAPD) personnel and by the department itself. (Dkt. 01 Complaint) Plaintiff has served all named parties except for defendant Brett Schwartz (Schwartz). (See Dkt. 09-11 Proofs of Service) The process server, D. Forrest, has advised Plaintiffs' counsel that Brett Schwartz is out on military leave from the Los Angeles Police Department and that he was unable to serve him. (Exhibit 6- Non-Service Declaration) It is unknown when Defendant Schwartz's leave of absence will be over. As such, Plaintiff requests that the Court extend the time limit to serve Defendant Schwartz and any unnamed DOE Defendants for 90 days from the April 28, 2022 deadline until July 27, 2022.

## II. ARGUMENT

**Time for Service**

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." (Fed. R. Civ. P. 4(m).)

If a plaintiff shows good cause for the failure to effect timely service, "the court must extend the time for service for an appropriate period." (*Id.*) Absent good cause, extending time to complete service may be "appropriate when, for example, a statute of limitations would operate to prevent re-filing of the action." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009.)

While Rule 4(m) does not define good cause, factors include a reasonable basis for noncompliance within the time specified in the rules (*Nanyonga v. I.N.S.*, 200 F.R.D. 503, 506 (M.D. Penn. 2001)) and that the plaintiff was prevented from serving defendants by factors beyond her control. *Mateo v. M/S Kiso*, 805 F. Supp. 792, 795 (N.D. Cal. 1992.)

Good cause requires "attorneys to be diligent in prosecuting their cause of action[.]" *Lycurgan, Inc. v Griffith,* 2017 U.S. Dist. LEXIS 172637, *10 (S.D. Cal., Oct. 18, 2017) (citing *Townsel v. Contra Costa Cnty*., 820 F.2d 319, 320 (9th Cir. 1987).) "The Ninth Circuit has applied a three-factor test for good cause: '(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.'" Id. (citing *Hart v. United States*, 817 F.2d 78, 80-81 (9th Cir. 1987)).

**Good Cause Exists to Extend Time to Serve DOE Defendants for 90 Days**

On March 24, 2022, Plaintiff contracted AAA Attorney Service (AAA) to serve all defendants in this matter. By March 29, 2022, AAA's D. Forrest advised that all defendants had been served except Schwartz. AAA advised Plaintiffs' counsel that they were told by Los Angeles Police department that Schwartz is out on military leave. (Exhibit 6) LAPD would not accept service on his behalf. Because of this, the process server was unable to serve Defendant Schwartz. It is unknown when Defendant Schwartz leave of absence will be over.

On April 13, 2022, Plaintiffs' counsel filed its proofs of service for the defendants that were served. (See Dkt 09- 11) On April 19, 2021, Defense counsel filed its answer for the served defendants only and not for Defendant Schwartz. On April 21, 2022, Plaintiffs' counsel sent an early meeting of counsel letter that addressed our inability to serve Defendant Brett D. Schwartz and possible resolutions. The resolutions sought included Defense counsel accepting service for Schwartz or Defense counsel stipulating to additional time to serve Schwartz. (Exhibit 1) On April 25, 2022, defense counsel responded stating that they would respond shortly. (Exhibit 2) Counsel has not responded to the Rule 26 meeting of counsel, nor the request at issue here.

Plaintiff's counsel tried two more times but could not connect with Defense counsel, wrote on April 26, 2022. On April 27 and again April 28 Plaintiff called,

and left messages on opposing counsel, Dordaneh Ghaemi's, phone system. The calls have not been returned.[2] (Decl. Schlueter ¶¶7-9 & Exhibit 3) On April 28, 2022, Plaintiff's counsel wrote Ghaemi regarding wishing to speak about the Rule 4m issues and filing this instant motion. (Decl. Schlueter ¶ 9) To date, the City of Los Angeles and its counsel have not addressed this instant issue. Due to the lack of Defense counsel's participation, this motion is made before the deadline to serve expires. (See Exhibit 5)

On or about April 25, Plaintiffs' counsel called the LAPD military liaison whom the LA PD had identified as a contact point with the process server. The liaison stated they would not confirm whether a LAPD member was on military leave. That information, Plaintiffs' counsel was told by the liaison, was confidential. (Decl. Schlueter ¶ 12) Plaintiffs' counsel cannot explain why the liaison would not confirm the status of Defendant Schwartz military leave. Nor can Plaintiffs' counsel explain why the process service agent was provided with the military liaison's contact information if the liaison would refuse to provide information. (Decl. Schlueter ¶ 12)

On March 27, 2022, Plaintiffs' counsel directed AAA's attorney service to attempt service again. Plaintiffs' counsel was informed that the process server could not confirm if the officer, Schwartz, is on leave nor could they confirm his whereabouts at the department. (Decl. Schlueter ¶ 13) (Exhibit 7). Schwartz's status and whereabout is an issue that I wanted to speak to counsel about. To date, the Los Angeles Police Department has not accpeted service for Schwartz. (Decl. Schlueter ¶ 13)

Due to the lack of Defense counsel's participation, this motion is made. (Decl. Schlueter ¶¶ 5-9) Plaintiffs' deadline to move the court approaches.

---

[2] 2 calls on April 26, 2022 at 3:50pm & 1 call on April 28, 2022 at 1:39p.m.

**Additional Time Still Necessary to Substitute and Serve DOEs**

"Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights." *Cabrera v. Maddock*, 2012 U.S. Dist. LEXIS 124691, *8-9 (E.D. Cal., April 21, 2016).

The DOE Defendants' identities were unknown to Plaintiff when she filed her complaint. They remain unidentified. Plaintiff has been diligent in prosecuting this action. Before filing the instant suit, Plaintiff attempted to obtain relevant information and records from the City of Los Angeles through the California Public Records Act, but the City did not provide responsive documents. (Schlueter Dec., ¶ 14-16) Plaintiff brought a public records action in State court to pursue those records and has subsequent received some records, but none of the report in this matter that would specifically identify the acts of all officers involved. (Schlueter Dec. ¶ 15). Plaintiff is not in possession of sufficient information or records such that she can substitute each DOE for the appropriate named individual.

Merely adding names to the complaint without substituting them with the proper DOE Defendant, which is all that Plaintiff could do with the limited information provided by the defense, conflicts with the purpose of Federal Rule of Civil Procedure rule 8 "to put the opposing party on notice of the wrong they allegedly committed so that they can adequately defend themselves." *Tuck v. Portfolio Recovery Assocs., LLC*, 2019 U.S. Dist. LEXIS 179274, *8 (S.D. Cal., Dec. 3, 2019). As such, only adding names to an Amended Complaint would constitute a deficient pleading subject to a viable motion to dismiss. (Plaintiff is adverse to naming persons in a complaint without knowledge of their wrongdoing,

merely because they are on a list of persons who made have appeared on the scene. Without more, these persons are unknowns, despite having a name.)

Thus, Plaintiff has a reasonable basis for her inability to add and serve the DOE Defendants pursuant to Rule 4(m). This court should grant this motion so Plaintiff has the necessary additional time to determine who is which DOE Defendant and perform service of process as appropriate.

Absent a scheduling order with a deadline to add parties and amend complaints and as the 90-day time period for serving already named defendants pursuant to Rule 4(m) runs on April 28, 2022, Plaintiff respectfully requests an additional 90-day period, until July 27, 2022, to serve Defendant Brett Schwartz and the DOE Defendants. The extension of time will allow Plaintiffs' counsel time to conduct discovery to determine which individual identified by the defense is which DOE and to gain information about Schwartz's military leave and determine how to serve process on him.

**Prejudice:**

The defendants would suffer no prejudice if this Court grants the instant motion. This matter is in its early stages. The Court has yet to set a deadline to add parties and amend pleadings. Plaintiff has been unable to propound discovery as these defendants have not yet appeared in this action. The severe prejudice to Plaintiff if her complaint were dismissed is obvious as this matter's statute of limitation is set to run in December. *Abreu v. Ramirez*, 284 F. Supp. 2d 1250 (C.D. Cal. 2003); (Cal. Code of Civil Procedure § 335.1.)

Conversely, Plaintiffs would lose some of their causes of actions against unserved persons should they now be dismissed, including all of the claims of the children, who witnessed their mother and aunt hauled out of the U-Haul and held at gun point by he Defendant Officers. Plaintiffs have plead state causes of action that are now beyond the applicable government tort claim requirements for filing a State cause of action.

## III. CONCLUSION

Plaintiff's constitutional claims should be decided by the facts. Her claims should not be decided due to her inability to adequately gain access to Defendant Schwartz and to identify state actors and their role in the subject event. Thus, Plaintiff makes a simple request to this Court seeking a simple solution. Based on the foregoing, Plaintiff respectfully requests this court extend the time to serve DOE Defendants and Brett Schwartz in this matter for an additional 90 days to July 27, 2022.

Respectfully Submitted,

Dated: April 28, 2022

SCHLUETER LAW FIRM, PC

By: s/ Peter B. Schlueter
Peter B. Schlueter, Attorney for Plaintiffs Shanda Luckett, A.L. (Minor), J.K. (Minor), Bobby Luckett, and Patricia Banks